STEVEN ROBICHAUD ET AL. *v.* HEWLETT PACKARD COMPANY
(AC 23658)
(AC 24302)

Foti, Dranginis and DiPentima, Js.

Submitted on briefs February 27—officially released May 11, 2004

*R. Bartley Halloran and David M. Sheridan* filed a brief for the appellants (plaintiffs in both cases).

*Steven R. Humphrey, Maria T. Ackley, Robert M. Buchanan, Jr., and John R. Baraniak, Jr.,* filed a brief for the appellee (defendant in both cases).

*Opinion*

DiPENTIMA, J. In these two appeals, consolidated for purposes of oral argument, the plaintiffs, Steven Robichaud and Thomas C. Nicholson, Jr., appeal from (1) the denial of their motion for class certification and (2) the granting of the motion for summary judgment filed by the defendant, Hewlett Packard Company.[1] We affirm the judgment of the trial court.

---

[1] The parties ultimately waived oral argument in both appeals.

The pleadings, affidavits and other documentary information presented to the court reveal the following facts. The defendant's ink-jet printers typically include a replaceable ink cartridge in the box at the time of sale. In the spring of 1998, the defendant began to include with certain printers a reduced volume black ink cartridge, called an "economy cartridge," without altering the packaging to reflect the change. The printer boxes listed, among the contents of the box, the inclusion of an "HP black inkjet print cartridge" or similar words to that effect. The sales literature included the same language. The plaintiffs each purchased certain ink-jet printers, manufactured and sold by the defendant, which included an economy cartridge in the package.

In their December 28, 2000, complaint, the plaintiffs sought declaratory and monetary relief as well as class certification, claiming that by that scheme the defendant intended to effect earlier and more frequent consumer purchases of replacement ink cartridges from the defendant. The plaintiffs alleged that the defendant's conduct constituted an unfair or deceptive trade practice in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.[2]

On May 30, 2002, the plaintiffs filed a motion seeking certification of a class consisting of "all persons within the state of Connecticut who, during the period from September 1998 to December 2000, purchased ink-jet printers from the Defendant . . . which included with the printer ink cartridges that were designated by the Defendant as 'economy cartridges.' " On October 31, 2002, the court denied the motion for class certification. On November 19, 2002, the plaintiffs appealed.[3]

---

[2] The plaintiffs withdrew a second count sounding in fraud and misrepresentation on August 1, 2001.

[3] An order denying class certification for an action under CUTPA is an appealable final order under General Statutes § 42-110h, which provides: "As soon as practicable after the commencement of an action brought as

On January 9, 2003, the defendant filed a motion for summary judgment asserting that (1) the two plaintiffs were not subjected to conduct that misrepresented the printers they purchased, (2) the two plaintiffs did not suffer an ascertainable loss as a result of the alleged violation of CUTPA and (3) the defendant did not commit any unfair or deceptive conduct. On May 29, 2003, the court granted the defendant's motion. On June 17, 2003, the plaintiffs appealed.

I

In the first appeal, the plaintiffs challenge the court's denial of class certification. Specifically, the plaintiffs argue that the court improperly (1) determined that their claims were not typical of the claims of the proposed class, (2) determined that there were no questions of law and fact common to the class, (3) determined that they had not demonstrated that the class was so numerous that joinder of all members was impracticable, (4) determined that they were not adequate representatives of the class and (5) considered various factual issues in the litigation.

Because a final judgment was rendered against the plaintiffs subsequent to the denial of class certification, we must determine whether this appeal is moot and whether the plaintiffs have standing to challenge the denial of the class certification.[4] After reviewing pertinent federal case law, we conclude that a judgment on the merits against an individual who claims to be a representative of a purported class in the case does

a class action, the court shall determine by order whether it is to be so maintained. An order under this section may be conditional, and it may be amended before decision on the merits. An order issued under this section shall be immediately appealable by either party."

[4] Although neither party fully briefed the issue of mootness, we address it because the issue implicates subject matter jurisdiction. *Schallenkamp* v. *DelPonte,* 29 Conn. App. 576, 579, 616 A.2d 1157 (1992), aff'd, 229 Conn. 31, 639 A.2d 1018 (1994).

not render moot an appeal challenging the denial of certification or deprive that individual of standing to pursue the appeal.[5] See *Deposit Guaranty National Bank of Jackson, Mississippi* v. *Roper*, 445 U.S. 326, 332–33, 338, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980) (where judgment entered in each plaintiff's favor, appeal challenging denial of class certification not moot because plaintiffs retained sufficient personal stake in outcome of appeal); *United States Parole Commission* v. *Geraghty*, 445 U.S. 388, 403, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980) (where case decided on merits, appeal challenging denial of class certification not moot because plaintiff had personal stake in class certification); *Anderson* v. *Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982) (plaintiff who lost sex discrimination action on merits "has standing to appeal the individual adverse determination and in so doing may appeal interlocutory orders decided against her [at trial]").

We next set forth our standard of review for orders granting and denying class certification. "Although a trial court must undertake a rigorous analysis to determine whether the plaintiff[s] [have] borne [the] burden successfully . . . it has broad discretion in determining whether a suit should proceed as a class action. . . . Our review is confined to determining whether the trial court abused its discretion." (Internal quotation marks omitted.) *Marr* v. *WMX Technologies, Inc.*, 244 Conn. 676, 680, 711 A.2d 700 (1998); see also *Moore* v. *PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).

In reviewing a decision of the trial court for abuse of discretion, "[e]very reasonable presumption will be

---

[5] We note that "our class action jurisprudence is sparse, as most class actions are brought in federal court. Our class action requirements, however, are similar to those applied in the federal courts. Compare Practice Book §§ 9-7 and 9-8 with Fed. R. Civ. P. 23 (a) and (b). . . . Thus, we look to federal case law for guidance in construing our class certification requirements." (Citations omitted.) *Rivera* v. *Veterans Memorial Medical Center*, 262 Conn. 730, 737–38, 818 A.2d 731 (2003).

given in favor of the trial court's ruling . . . ." (Internal quotation marks omitted.) *Carasso* v. *Carasso*, 80 Conn. App. 299, 310, 834 A.2d 793 (2003), cert. denied, 267 Conn. 913, 840 A.2d 1174 (2004). "Judicial discretion [however] . . . is always legal discretion, exercised according to the recognized principles of equity. . . . While its exercise will not ordinarily be interfered with on appeal to this court, reversal is required where the abuse is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *Rivera* v. *Veterans Memorial Medical Center*, 262 Conn. 730, 742–43, 818 A.2d 731 (2003). The plaintiff bears the heavy burden of establishing that each of the requirements of Practice Book §§ 9-7 and 9-8 are met. See *Arduini* v. *Automobile Ins. Co. of Hartford, Connecticut*, 23 Conn. App. 585, 589, 583 A.2d 152 (1990).

Under Practice Book § 9-7, "four elements [must be] satisfied to certify a class: (1) numerosity—that the class is too numerous to make joinder of all members feasible; (2) commonality—that the members have similar claims of law and fact; (3) typicality—that the named plaintiffs' claims are typical of the claims of the class; and (4) adequacy of representation—that the interests of the class are protected adequately." *Rivera* v. *Veterans Memorial Medical Center*, supra, 262 Conn. 738. To maintain a class action, two elements under Practice Book § 9-8 must then be satisfied: (1) commonality—that questions of law or fact common to the members predominate over any questions affecting only individual members and (2) superiority—that a class action is superior to other methods for the fair and efficient adjudication of the controversy.

Here, the action sounds in CUTPA, so we must examine those elements within the context of that claim. "A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he [or she] must establish that the conduct at issue constitutes an unfair

or deceptive trade practice. . . . Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Internal quotation marks omitted.) *MacMillan* v. *Higgins*, 76 Conn. App. 261, 279, 822 A.2d 246, cert. denied, 264 Conn. 907, 826 A.2d 177 (2003); see also General Statutes § 42-110g.

Here, the court held that the plaintiffs' depositions suggested that "they are not typical of the persons whose claims of injury from unfair trade practices they seek to represent because the plaintiffs themselves do not allege that they were subjected to conduct that misrepresented the printers they bought, nor that they suffered an ascertainable loss as a result of the conduct that they claim was an unfair trade practice as to class members." The plaintiffs argue that in so holding, the court focused on "several minor inconsequential features of the fact patterns underlying the plaintiffs' claims . . . ." Specifically, the plaintiffs argue that because they were not made aware at the time of their purchase that the cartridge provided with the printer was not completely filled, they were indeed subjected to conduct that misrepresented the printers they bought. We agree with the court, however, that misrepresentation by the defendant, if any, did not influence the plaintiffs' decision to purchase the printers. Rather, they each stated unrelated reasons for purchasing their respective printers.

Robichaud made his decision based primarily on the speed of the printer without seeing any information on the packaging regarding the quantity of ink in the cartridge. Nicholson testified that price was the primary factor in his decision and that he was told by the salesperson who showed him the printer that the ink cartridges ran out quickly. He therefore did not rely on any misrepresentation in making his purchase, but relied on accurate information. The plaintiffs' claims are not

typical of those they seek to represent because they do not share with the members of the proposed class a characteristic that is central to the claim asserted. The plaintiffs have therefore failed to meet the typicality element necessary for class certification.

Because the failure of a party to meet any one of the prerequisites set forth in Practice Book § 9-7 requires a denial of class certification, the plaintiffs' failure to meet the typicality requirement is dispositive of the appeal. See *Arduini* v. *Automobile Ins. Co. of Hartford, Connecticut,* supra, 23 Conn. App. 591.

## II

In the second appeal, the plaintiffs claim that the court improperly (1) determined that there was no genuine issue of any material fact as to whether the defendant made a "misrepresentation" in connection with the sale of its printers to the plaintiffs and (2) determined that the conduct of the defendant did not violate CUTPA as a matter of law.

Our examination of the record and briefs persuades us that the judgment of the court should be affirmed. The issues were resolved properly in the court's concise and well reasoned memorandum of decision. See *Robichaud* v. *Hewlett Packard Co.,* 48 Conn. Sup. 429, 847 A.2d 316 (2003). Because that memorandum of decision fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Smith* v. *Trinity United Methodist Church of Springfield, Massachusetts,* 263 Conn. 135, 136, 819 A.2d 225 (2003); *Burton* v. *Statewide Grievance Committee,* 79 Conn. App. 364, 366, 829 A.2d 927, cert. denied, 267 Conn. 903, 838 A.2d 209 (2003).

The judgment is affirmed.

In this opinion the other judges concurred.