# MD DRILLING AND BLASTING, INC. *v.* MLS CONSTRUCTION, LLC, ET AL.
## (AC 26293)

Schaller, Harper and Stoughton, Js.

Argued March 23—officially released August 8, 2006

*Scott S. Orenstein,* for the appellant (plaintiff).

*Jeffrey M. Alexander,* for the appellees (defendants).

*Opinion*

HARPER, J. The plaintiff, MD Drilling & Blasting, Inc., appeals from the trial court's judgment in favor of the defendants, MLS Construction, LLC, and River Farm, LLC, on the counts of the complaint that alleged breach of contract and unjust enrichment.[1] The plaintiff argues that the court improperly concluded that the judgment of strict foreclosure of the mechanic's lien it held rendered the remaining claims for breach of contract and unjust enrichment moot. We agree and reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On April 5, 2002, the plaintiff entered into a contract with MLS Construction, LLC, in which the plaintiff agreed to furnish various labor, materials and services for construction on property in North Branford owned by River Farm, LLC. The plaintiff performed its obligations in full compliance with the plans, specifications and conditions set forth in the contract and completed its work on May 21, 2002. Nonetheless, MLS Construction, LLC, failed to pay the plaintiff for all amounts due under the contract.

On August 19, 2002, the plaintiff recorded a certificate of mechanic's lien in the amount of $69,465.78 to secure payment for the labor, materials and services furnished

---

[1] Count two of the complaint alleged breach of contract against MLS Construction, LLC, while count three alleged unjust enrichment against River Farm, LLC.

for construction on the property in North Branford.[2] The plaintiff filed a three count complaint on November 18, 2002, seeking foreclosure of the mechanic's lien and also alleging causes of action for breach of contract against MLS Construction, LLC, and unjust enrichment against River Farm, LLC.

Although the defendants filed an appearance, they failed to respond to the complaint. Accordingly, the plaintiff filed a motion for default for failure to plead. After the court granted the motion for default, the plaintiff filed a motion for judgment on the basis of the defendants' default and additionally sought a judgment of strict foreclosure. The court rendered judgment of strict foreclosure. The court determined that the defendants' total debt secured by the mechanic's lien was $83,801.12 and also awarded $5063.50 in attorney's fees and $2150 in costs. The plaintiff subsequently sought an articulation from the court, indicating that, in addition to the judgment of strict foreclosure, judgment was also rendered against the defendants on the breach of contract and unjust enrichment causes of action. In its articulation, however, the court concluded that the judgment of strict foreclosure rendered moot the breach of contract and unjust enrichment claims and, as a result, rendered judgment for the defendants on those claims. The plaintiff appealed from this judgment.

Our standard of review of a finding of mootness is well settled. "Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because

[2] Although the complaint alleged that the plaintiff had recorded a notice of lis pendens at the time this action was commenced, the plaintiff later discovered that the notice of lis pendens had not been recorded properly.

of a change in the condition or affairs between the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citations omitted; internal quotation marks omitted.) *New Image Contractors, LLC* v. *Village at Mariner's Point Ltd. Partnership*, 86 Conn. App. 692, 698, 862 A.2d 832 (2004).

In the present case, the court determined that the judgment of strict foreclosure of the mechanic's lien rendered the plaintiff's breach of contract and unjust enrichment causes of action moot. The plaintiff claims that it was entitled to judgment on all three counts because the defendants had been defaulted for failure to plead and, consequently, were precluded from asserting any defense to liability for the claims set forth in the complaint. The plaintiff further argues that for the breach of contract and unjust enrichment claims to be moot, the judgment of strict foreclosure must have fully satisfied the debt owed to it by the defendants. The plaintiff claims that the evidence presented to the court in support of its motion for judgment demonstrated that it was unlikely that the foreclosure would satisfy the debt fully.

We begin with the default judgment rendered against the defendants. "The entry of a default constitutes an admission by the [defaulted party] of the truth of the facts alleged in the complaint." (Internal quotation marks omitted.) *Motherway* v. *Geary*, 82 Conn. App. 722, 728, 846 A.2d 909 (2004); see also Practice Book § 17-33 (b) ("the effect of a default is to preclude the defendant from making any further defense in the case

so far as liability is concerned"). "In an action at law, the rule is that the entry of a default operates as a confession by the defaulted defendant of the truth of the material facts alleged in the complaint which are essential to entitle the plaintiff to some of the relief prayed. It is not the equivalent of an admission of all of the facts pleaded. The limit of its effect is to preclude the defaulted defendant from making any further defense and to permit the entry of a judgment against him on the theory that he has admitted such of the facts alleged in the complaint as are essential to such a judgment. It does not follow that the plaintiff is entitled to a judgment for the full amount of the relief claimed. The plaintiff must still prove how much of the judgment prayed for in the complaint he is entitled to receive." (Internal quotation marks omitted.) *Mountview Plaza Associates, Inc.* v. *World Wide Pet Supply, Inc.*, 76 Conn. App. 627, 630, 820 A.2d 1105 (2003).

Here, the court granted the plaintiff's motion for default for failure to plead on January 23, 2003. The effect of the default was to preclude the defendants from making any further defense to liability for the claims asserted in the complaint and to permit the entry of judgment in the plaintiff's favor. See id. The plaintiff subsequently filed a motion for judgment on February 4, 2004. In addition to seeking judgment against the defendants on the basis of the default, the plaintiff also sought a judgment of strict foreclosure of the mechanic's lien. The court granted the judgment of strict foreclosure, but failed to render judgment on the second and third counts of the complaint. Only after the plaintiff sought an articulation did the court conclude that strict foreclosure of the mechanic's lien rendered the second and third counts of the complaint moot. Because the defendants had been defaulted for failure to respond to the complaint, however, the defendants' liability had been established conclusively as to all three counts of

the complaint, not merely the claim seeking foreclosure of the mechanic's lien. See *Lawton* v. *Weiner*, 91 Conn. App. 698, 713, 882 A.2d 151 (2005).

Furthermore, although the court had rendered judgment of strict foreclosure, title had not yet vested in the plaintiff. As a result, there was still practical relief that could be afforded to the plaintiff in the manner of a judgment on the breach of contract and unjust enrichment claims, which would allow the plaintiff to recover its damages under any of these theories of liability. We conclude, therefore, that the court should have rendered judgment in favor of the plaintiff on the breach of contract and unjust enrichment claims.

Although the defendants concede that they were defaulted for failure to plead, they argue that the judgment of strict foreclosure of the mechanic's lien precludes the court from rendering judgment on the breach of contract and unjust enrichment claims until title has passed to the plaintiff. The defendants argue that only then and only if it is determined that the value of the property is inadequate to satisfy the debt owed to the plaintiff may the plaintiff pursue a deficiency judgment or other relief. Adhering to our policy of interpreting the mechanic's lien statute liberally so as to effectuate its remedial purpose; *Rollar Construction & Demolition, Inc.* v. *Granite Rock Associates, LLC*, 94 Conn. App. 125, 129, 891 A.2d 133 (2006); we disagree with the defendants that the court may not render judgment on the other counts of the plaintiff's complaint at the same time it renders judgment of strict foreclosure. Nothing in our review of the mechanic's lien statute or the relevant case law persuades us that it is an exclusive remedy that would prevent the plaintiff from obtaining judgment on the breach of contract and unjust enrichment claims at the same time it obtains judgment of strict foreclosure, particularly when, as here, the defendants were defaulted for failure to plead.

The defendants further argue that the plaintiff was not entitled to judgment on all three counts of the complaint because that would allow the plaintiff to recover multiple times for the same harm. The defendants correctly state that the plaintiff is not entitled to a double recovery, but they misunderstand the import of judgment in favor of the plaintiff on the breach of contract and unjust enrichment claims. As our Supreme Court has noted, "[a] plaintiff may be compensated only once for his just damages for the same injury. . . . Plaintiffs are not foreclosed from suing multiple defendants, either jointly or separately, for injuries for which each is liable, nor are they foreclosed from obtaining multiple judgments against joint tortfeasors. . . . This rule is based on the sound policy that seeks to ensure that parties will recover for their damages. . . . The possible rendition of multiple judgments does not, however, defeat the proposition that a litigant may recover just damages only once. . . . Double recovery is foreclosed by the rule that only one satisfaction may be obtained for a loss that is the subject of two or more judgments." (Citations omitted; internal quotation marks omitted.) *Gionfriddo* v. *Gartenhaus Cafe*, 211 Conn. 67, 71–72, 557 A.2d 540 (1989). Thus, while we acknowledge that the plaintiff may not recover more than a single measure of damages, we conclude that the plaintiff was entitled to judgment on the breach of contract and unjust enrichment claims as a result of the defendants' default for failure to plead. Our conclusion concerns only the defendants' liability as to each claim; it does not allow the plaintiff to recover more than the damages to which it is entitled. Rather, it merely allows the plaintiff to pursue those damages to which it is entitled through either the judgment of strict foreclosure or on the claim of unjust enrichment rendered against River Farm, LLC, or through the judgment of breach of contract rendered against MLS Construction, LLC.

With respect to damages, we already have noted that although a default judgment conclusively establishes the defendants' liability, the plaintiff still maintains the burden of establishing damages. *Motherway* v. *Geary*, supra, 82 Conn. App. 728. Here, the plaintiff submitted with its motion for judgment several affidavits of debt, as well as the affidavit of an appraiser who valued the property, a bill of costs and a foreclosure worksheet. These submissions were consistent with the plaintiff's burden pursuant to Practice Book § 17-33 (b), which provides in relevant part that "the judicial authority, at or after the time it renders the default . . . may also render judgment in foreclosure cases . . . provided the plaintiff has also made a motion for judgment and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the judicial authority." The court accepted the plaintiff's calculations of the debt owed by the defendants, and attorney's fees and costs with respect to the foreclosure. Because the court did not address the breach of contract and unjust enrichment claims, however, it did not make any findings regarding the total amount of damages to which the plaintiff is entitled. Although the plaintiff argues that the total damages to which it is entitled are equal to the debt found in the judgment of strict foreclosure, that is a determination to be made by the trial court on remand.

The judgment for the defendants on the breach of contract and unjust enrichment claims is reversed and the case is remanded with direction to render judgment on those claims in favor of the plaintiff and for further proceedings to determine the damages to which the plaintiff is entitled. The judgment of strict foreclosure is affirmed.

In this opinion the other judges concurred.