ROSEMARY WHITAKER *v.* DOUGLAS TAYLOR ET AL.
(AC 26549)

McLachlan, Lavine and Dupont, Js.

---

Argued September 29, 2006—officially released March 6, 2007

*Roy S. Ward,* for the appellant (plaintiff).

*Joseph Mirsky,* for the appellee (defendant John M. Anderson).

*Opinion*

McLACHLAN, J. The plaintiff, Rosemary Whitaker, appeals from the judgment of the trial court rendered following a hearing in damages after the defendants John M. Anderson and Douglas Taylor[1] were defaulted for failure to plead. On appeal, the plaintiff claims that the court improperly (1) declined to enter a damages award against Anderson and (2) applied a heightened standard of proof to her damages claims on the counts of her complaint alleging fraud, statutory theft under General Statutes § 52-564 and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. We reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. On July 1, 2004, the plaintiff filed an application for the prejudgment remedy of attachment and disclosure of assets, as well as a complaint against Taylor, Anderson and T & A Capital Management, Inc. (corporation). The seven count complaint alleged breach of contract, unjust

---

[1] Taylor did not appeal from the judgment and is not a party to this appeal, and the third defendant in this action, T & A Capital Management, Inc., also is not a party to this appeal.

enrichment, theft and violation of CUTPA against Taylor, Anderson and the corporation, as well as fraud and negligent misrepresentation against Taylor and Anderson, and breach of fiduciary duty against Taylor only.[2]

The complaint alleged that on or about February 7, 2004, Taylor and Anderson went to the plaintiff's house and sought a loan from her for an investment in which they were involved. They represented to the plaintiff that they operated T & A Capital Management, Inc., a Connecticut corporation. Taylor held himself out to be the chief executive officer of the corporation, and Anderson held himself out to be the vice president. They told the plaintiff that they had invested in the purchase of foreign bonds, which they claimed was a safe investment. They requested that the plaintiff lend to them $97,000, which they needed to complete the bond purchase. They agreed to repay the loan together with interest at the rate of 4 percent annually within two weeks from the time that the plaintiff provided them with the money. As an additional inducement, they promised the plaintiff that they would buy her a new car and pay for certain renovations to her home.

When the plaintiff explained to Taylor and Anderson that she did not have the money available, they advised her that she could easily arrange a loan or withdrawal from her annuity[3] in order to make the loan. The plaintiff, acting in reliance on the representations made by

---

[2] With respect to the counts of the complaint alleging negligent misrepresentation and breach of fiduciary duty, the plaintiff has not raised any issues on appeal related to those counts; therefore, we need not address them. See Brown v. Employer's Reinsurance Corp., 206 Conn. 668, 671 n.3, 539 A.2d 138 (1988).

[3] According to the complaint, in or about April, 2002, the plaintiff obtained a settlement of an unrelated legal malpractice claim arising from the failure of an attorney to bring a timely medical malpractice claim on behalf of her son. During the summer of that year, the plaintiff, acting as guardian of her son's estate, contacted Taylor, who assisted her with investing the sum of $200,000 in an annuity for the benefit of her son.

Taylor and Anderson, applied for a loan and also sought a free withdrawal and partial surrender of the annuity from the insurance company holding it. On February 13, 2004, the insurance company issued the plaintiff two checks totaling $97,000: one, the amount of a $50,000 loan, and the other, a withdrawal from the annuity. After tax consequences and penalty assessments, the total cost of the loan to the plaintiff at that time was $113,832.06, not including additional interest accrued.

On February 16, 2004, Taylor delivered a letter to the plaintiff, on the letterhead of the corporation, promising to repay the loan of $97,000, together with any and all charges required to restore the account to its original balance and to deliver the aforementioned gifts. The letter was signed by both Anderson and Taylor. Upon receipt of the letter, the plaintiff endorsed the checks to Taylor.

Thereafter, despite numerous demands, Taylor and Anderson failed, refused and neglected to repay any portion of the original loan or any of the additional charges and failed to deliver any of the promised items. In early May, 2004, the plaintiff received a letter from Taylor dated April 30, 2004, on the letterhead of the corporation, stating that the transaction for which he and Anderson had used her money was fraudulent and was being investigated by their bank. The letter further stated that they would be unable to repay the loan for at least nine months to one year. The plaintiff subsequently learned that T & A Capital Management, Inc., was not a Connecticut corporation and was not authorized to transact business as a foreign corporation within the state of Connecticut.

On July 26, 2004, the court issued an order granting the plaintiff's request for a prejudgment remedy attaching certain assets of Taylor, Anderson and the corporation. On December 14, 2004, the court granted

the plaintiff's motions for default against Taylor and Anderson for failure to plead. The court denied the plaintiff's motion for default for failure to plead against the corporation because there was no appearance filed by that defendant.

On April 15, 2005, the plaintiff, Taylor and Anderson appeared before the court for a hearing in damages. The corporation did not appear. Prior to the hearing, neither Taylor nor Anderson gave notice to the plaintiff of an intention to contest liability with respect to the allegations set forth in the plaintiff's complaint as provided by Practice Book § 17-34, which is titled "Hearings in Damages; Notice of Defenses." At the hearing, the plaintiff testified regarding the allegations set forth in her complaint and elaborated on those allegations. Specifically, the plaintiff testified, inter alia, that she had known Anderson for most of her life and had known Taylor for more than nineteen years. She testified that she was approached by them and had agreed to lend them some money. She further testified that in addition to promising to repay the loan, they promised to help her refinish her bathroom and agreed to purchase a Land Rover for her at a price of $46,000. The plaintiff testified that, as of the date of the hearing, they had not made good on any of their promises.

The plaintiff also introduced five exhibits, which consisted of (1) a copy of the February 16, 2004 letter signed by Anderson and Taylor, (2) a copy of the April 30, 2004 letter signed by Taylor, (3) two checks, exhibits three and four, totaling $97,000 made payable to the plaintiff, endorsed by the plaintiff to Taylor and endorsed on the reverse by Taylor, and (4) a letter by the plaintiff indicating that she had sustained consequential damages as a result of the actions of Anderson and Taylor. Neither Anderson nor Taylor testified or presented any evidence at the hearing.

At the conclusion of the hearing, the court rendered judgment against Taylor, awarding damages to the plaintiff in the amount of $125,400.47 on the basis of the exhibits before the court. This total was comprised of the loan and consequential damages totaling $113,833.06 and $11,567.41 in accrued interest.

With respect to Anderson, however, the court found at the hearing that there was no evidence that Anderson actually received any of the moneys that were paid by the plaintiff to Taylor. Accordingly, the court ordered Anderson defaulted with zero damages awarded to the plaintiff. With respect to the plaintiff's counts related to theft and fraud, the court found that although the plaintiff had proved a failure to repay the loan, there was insufficient evidence from which the court could award treble damages for theft and, in declining to award damages arising from the fraud related counts, found "insufficient evidence by clear and convincing evidence to demonstrate fraud . . . ." The court did not specifically mention the plaintiff's CUTPA count in its oral decision.

Thereafter, the plaintiff sought to reargue the court's April 15, 2005 judgment of damages with respect to Anderson and the court's refusal to award damages on the plaintiff's fraud and civil theft claims in light of the default. On April 26, 2005, the court denied the plaintiff's motion to reargue the April 15, 2005 judgment. This appeal followed.

I

The crux of the plaintiff's claims on appeal relates to the effect of the default on the court's factual determinations at the hearing in damages. "A default admits the material facts that constitute a cause of action . . . *and entry of default, when appropriately made, conclusively determines the liability of a defendant. . . .* If the allegations of the plaintiff's complaint are sufficient

on their face to make out a valid claim for the relief requested, the plaintiff, on the entry of a default against the defendant, need not offer evidence to support those allegations. . . . Therefore, the only issue before the court following a default is the determination of damages. . . . A plaintiff ordinarily is entitled to at least nominal damages following an entry of default against a defendant in a legal action. . . .

"In an action at law, the rule is that the entry of a default operates as a confession by the defaulted defendant of the truth of the material facts alleged in the complaint which are essential to entitle the plaintiff to some of the relief prayed. It is not the equivalent of an admission of all of the facts pleaded. The limit of its effect is to preclude the defaulted defendant from making any further defense and to permit the entry of a judgment against him on the theory that he has admitted such of the facts alleged in the complaint as are essential to such a judgment. It does not follow that the plaintiff is entitled to a judgment for the full amount of the relief claimed. The plaintiff must still prove how much of the judgment prayed for in the complaint he is entitled to receive." (Emphasis in original; internal quotation marks omitted.) *Bank of New York* v. *National Funding*, 97 Conn. App. 133, 138–39, 902 A.2d 1073, cert. denied, 280 Conn. 925, 908 A.2d 1087 (2006), cert. denied sub nom. *Reyad* v. *Bank of New York*, 549 U.S. 1265, 127 S. Ct. 1493, 167 L. Ed. 2d 229 (2007).

"After a default, a defendant may still contest liability. Practice Book §§ 17-34,[4] 17-35 and 17-37 delineate a

---

[4] Practice Book § 17-34 (a) provides: "In any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless notice has been given to the plaintiff of the intention to contradict such allegations and of the subject matter which the defendant intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall the defendant be permitted to prove any matter of defense, unless written notice has been given to the plaintiff of the intention to deny such right or to prove such matter of defense."

defendant's right to contest liability in a hearing in damages after default. Unless the defendant provides the plaintiff written notice of any defenses [however] the defendant is foreclosed from contesting liability." *Schwartz* v. *Milazzo*, 84 Conn. App. 175, 178–79, 852 A.2d 847, cert. denied, 271 Conn. 942, 861 A.2d 515 (2004). Thus, a defaulted party who fails to file a timely notice of defenses prior to the hearing in damages "does so at his peril." (Internal quotation marks omitted.) *Bank of New York* v. *National Funding*, supra, 97 Conn. App. 141.

Here, as a consequence of the default, the court was bound by the material, factual allegations set forth in the plaintiff's complaint. See *Mountview Plaza Associates, Inc.* v. *World Wide Pet Supply, Inc.*, 76 Conn. App. 627, 634, 820 A.2d 1105 (2003). If those allegations provided a sufficient basis as to Anderson's liability for the debt or the liability of Taylor and Anderson with respect to the fraud and civil theft claims, the court should have rendered judgment against them and awarded damages accordingly.[5] See id.

Thus, we must examine whether the allegations set forth in each count of the plaintiff's complaint are sufficient on their face to make out a valid claim for the relief requested. See *Tang* v. *Bou-Fakhreddine*, 75 Conn. App. 334, 338, 815 A.2d 1276 (2003). "Our review of the legal sufficiency of pleadings is plenary." Id., 337. To the extent that our analysis goes beyond the facial validity of the complaint and into the court's findings of fact at the hearing in damages, such findings will be reversed only if they are clearly erroneous. See *Smith* v. *Snyder*, 267 Conn. 456, 462, 839 A.2d 589 (2004).

---

[5] We note that the judgment rendered by the court did not specifically address whether the plaintiff had alleged such facts in her complaint to support a finding of liability. Rather, the court's ruling appears to be limited to the evidence presented at the hearing in damages, without regard to the plaintiff's complaint.

## A

## Anderson's Liability on the Debt

The plaintiff first claims that the court acted improperly by entering a damages award of zero against Anderson, who had been defaulted previously. The plaintiff argues that the court improperly determined at the hearing in damages that there was insufficient evidence presented to demonstrate that Anderson was personally liable for any damages.[6] The plaintiff argues that her complaint set forth a legally sufficient cause of action establishing Anderson's liability as to the debt and that Anderson, after being defaulted, failed to provide proper notice of his intention to contest liability at the hearing in damages. The plaintiff argues, therefore, that the court improperly required her to offer additional proof of Anderson's liability at the hearing in damages. We agree.

The first count of the plaintiff's complaint alleges a claim for breach of contract. "The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." (Internal quotation marks omitted.) *Chiulli* v. *Zola*, 97 Conn. App. 699, 706–707, 905 A.2d 1236 (2006). Paragraph ten of the first count of the complaint alleges in relevant part that "Taylor *and Anderson* agreed to repay the loan together with interest at the rate of four (4) % annually within two weeks of the time Plaintiff gave them the money. As an additional inducement to make the loan, Taylor *and Anderson* promised Plaintiff that they would buy her a new car and pay for certain renovations to her

---

[6] As the court stated: "There is no evidence that [Anderson] actually received any of the moneys that were paid by the plaintiff . . . to the codefendant Douglas Taylor, so zero damages are awarded as to the defendant . . . Anderson."

home." (Emphasis added.) Paragraphs twelve and thirteen of the complaint allege that the plaintiff, "[a]cting in reliance upon the representations of Taylor *and Anderson*," secured the money in the form of two checks by applying for a loan, free withdrawal and partial surrender of her annuity at a total cost of $113,832.06, not including additional interest accrued. (Emphasis added.) Paragraph fourteen of the complaint alleges that Taylor delivered to the plaintiff a letter written on the corporation's letterhead, "signed by both Taylor *and Anderson*," promising to repay the loan together with any and all charges required to bring the account back to its original balance and to deliver the gifts previously promised to her. (Emphasis added.) The plaintiff then endorsed the checks to Taylor. Finally, paragraphs fifteen through nineteen provide that Taylor, Anderson and the corporation failed to repay the loan or any of the additional charges and failed to deliver any of the promised items and that the plaintiff suffered damages as a result.

Upon review of the complaint, we conclude that its material allegations satisfy the threshold legal test to sustain a cause of action for breach of contract against Anderson.[7] See *Mountview Plaza Associates, Inc.* v. *World Wide Pet Supply, Inc.*, supra, 76 Conn. App. 634. Therefore, the court's refusal to attach liability to and award any damages against Anderson as to this count was improper. See id.

### B

### Fraud

The third count of the plaintiff's complaint alleges fraud against Taylor and Anderson. Fraud involves

---

[7] With respect to the plaintiff's cause of action in the complaint's second count that alleged unjust enrichment, we note that the plaintiff is entitled only to a single measure of damages arising out of her claims for breach of contract and unjust enrichment. See *MD Drilling & Blasting, Inc.* v. *MLS Construction, LLC*, 96 Conn. App. 798, 804, 902 A.2d 686 (2006). We therefore need not address the second count.

"deception practiced in order to induce another to act to her detriment, and which causes that detrimental action. . . . The four essential elements of fraud are (1) that a false representation of fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce action by the other party; and (4) that the other party did so act to her detriment. . . . Because specific acts must be pleaded, the mere allegation that a fraud has been perpetrated is insufficient." (Citation omitted; internal quotation marks omitted.) *Chiulli* v. *Zola*, supra, 97 Conn. App. 709; see also *Maruca* v. *Phillips*, 139 Conn. 79, 81, 90 A.2d 159 (1952) ("[w]here a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint").

"In an action for fraud, the plaintiffs are entitled to punitive damages, in addition to general and special damages. . . . The [purpose] of awarding punitive damages is not to punish the defendant for his offense, but to compensate the plaintiff for his injuries. . . . The rule in this state as to torts is that punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." (Citations omitted.) *DeSantis* v. *Piccadilly Land Corp.*, 3 Conn. App. 310, 315, 487 A.2d 1110 (1985). "An award of punitive damages is discretionary, and the exercise of such discretion will not ordinarily be interfered with on appeal unless the abuse is manifest or injustice appears to have been done." (Internal quotation marks omitted.) *Arnone* v. *Enfield*, 79 Conn. App. 501, 522, 831 A.2d 260, cert. denied, 266 Conn. 932, 837 A.2d 804 (2003).

Paragraph twenty of the third count of the plaintiff's complaint alleges that "Taylor *and Anderson* falsely

represented to the Plaintiff that T & A [Capital Management, Inc.] was a corporation, that they had invested in a 'safe' investment, that they would promptly repay [the] Plaintiff's loan with interest, that they would pay all carrying costs and charges relating to the loan and that they would deliver the additional items promised as inducements to make the loan." (Emphasis added.) Paragraph twenty-one alleges that those representations were known by Taylor and Anderson to be false when made and were made with the purpose of inducing the plaintiff to make the loan. Finally, paragraph twenty-two alleges that the plaintiff justifiably relied on those representations to her detriment.

The plaintiff's allegations in support of her fraud count consist of little more than a recitation of the facts establishing the fraud with the necessary boilerplate characterizations that the representations by Taylor and Anderson were known by them to be false and were made with the purpose of inducing the plaintiff to make the loan. Nevertheless, in light of the defaults entered against Taylor and Anderson, we conclude that the allegations are sufficient to establish liability for the purpose of awarding punitive damages for fraud. See *Tang* v. *Bou-Fakhreddine,* supra, 75 Conn. App. 339–40; see also *Chiulli* v. *Zola,* supra, 97 Conn. App. 709–10 (concluding plaintiff's complaint alleged facts sufficient to support claim of fraud); see also *Mountview Plaza Associates, Inc.* v. *World Wide Pet Supply, Inc.,* supra, 76 Conn. App. 632. Accordingly, we conclude that the court abused its discretion in failing to award at least nominal damages on the plaintiff's fraud count.

## C

### Civil Theft

The sixth count of the plaintiff's complaint alleges a claim of theft. In her prayer for relief, the plaintiff requested treble damages as to this count pursuant to

§ 52-564. General Statutes § 52-564 provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." "Statutory theft under § 52-564 is synonymous with larceny under General Statutes § 53a-119. . . . Pursuant to § 53a-119, [a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or [withholds] such property from an owner. . . . Conversion can be distinguished from statutory theft as established by § 53a-119 in two ways. First, statutory theft requires an intent to deprive another of his property; second, conversion requires the owner to be harmed by a defendant's conduct. Therefore, statutory theft requires a plaintiff to prove the additional element of intent over and above what he or she must demonstrate to prove conversion." (Internal quotation marks omitted.) *Deming* v. *Nationwide Mutual Ins. Co.*, 279 Conn. 745, 771, 905 A.2d 623 (2006).

Here, although the sixth count of the plaintiff's complaint alleges that Taylor, Anderson and the corporation "have stolen Ninety Seven Thousand ($97,000.00) Dollars from the Plaintiff," the count is devoid of any factual assertion that they acted with the requisite intent to permanently deprive the plaintiff of her property. Thus, the plaintiff failed to state a cause of action for civil theft. We conclude that the count is legally insufficient and, therefore, affirm the decision of the trial court, which correctly declined to enter an award of damages against Taylor, Anderson or the corporation on the plaintiff's theft claim after the hearing in damages.

D

CUTPA

The seventh count of the plaintiff's complaint claims a violation of CUTPA against against Taylor, Anderson

and the corporation. "A party seeking to recover damages under CUTPA must meet two threshold requirements. First, [the party] must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . . Second, [the party] must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Internal quotation marks omitted.) *Robichaud* v. *Hewlett Packard Co.*, 82 Conn. App. 848, 853–54, 848 A.2d 495 (2004).

"Once a violation of CUTPA has been established, evidence that the defendant has acted with reckless indifference to the rights of the plaintiff or has committed an intentional and wanton violation of those rights is a necessary prerequisite to the award of punitive damages. . . . Such an award, however, is discretionary, and the exercise of such discretion will not ordinarily be interfered with on appeal unless the abuse is manifest or injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Tang* v. *Bou-Fakhreddine*, supra, 75 Conn. App. 339.

The seventh count incorporates all of the factual allegations set forth in the plaintiff's third count for fraud, which, inter alia, sets forth a reasonable estimate of the plaintiff's damages. Additionally, the seventh count alleges that the fraudulent representations were made by Taylor, Anderson and the corporation (i.e., that they falsely represented to the plaintiff that T & A Capital Management, Inc., was a corporation, that they had invested in a "safe" investment, that they would promptly repay the plaintiff's loan with interest, that they would pay all carrying costs and charges relating to the loan and that they would deliver the additional items promised as inducements to make the loan) while they were engaged in the conduct of trade or commerce as stated in General Statutes § 42-110b.

As with the plaintiff's fraud count, the allegations in support of the CUTPA count consist of little more than

a recitation of the facts establishing the violation with the necessary boilerplate characterizations that the representations by Taylor, Anderson and the corporation were known by them to be false and were made with the purpose of inducing the plaintiff to make the loan. Nevertheless, in light of the defaults entered against Taylor and Anderson, we conclude that the allegations are sufficient to establish liability for the purpose of awarding punitive damages. See *Tang* v. *Bou-Fakhreddine*, supra, 75 Conn. App. 339–40; see also *Mountview Plaza Associates, Inc.* v. *World Wide Pet Supply, Inc.*, supra, 76 Conn. App. 632. Accordingly, we conclude that the court abused its discretion in failing to award at least nominal damages on the plaintiff's CUTPA count. See *Tang* v. *Bou-Fakhreddine*, supra, 340.

## II

The plaintiff next argues that the court improperly applied a heightened standard of proof to her damages claims on the counts of her complaint alleging fraud, statutory theft[8] and CUTPA. We consider this claim, in part, because it is likely to arise at a subsequent hearing in damages. See *Falby* v. *Zarembski*, 221 Conn. 14, 26, 602 A.2d 1 (1992) ("[w]e next consider the plaintiffs' claim of evidentiary error, because it is likely to arise at retrial"). "When a party contests the burden of proof applied by the court, the standard of review is de novo because the matter is a question of law." (Internal quotation marks omitted.) *Rollar Construction & Demolition, Inc.* v. *Granite Rock Associates, LLC*, 94 Conn. App. 125, 133, 891 A.2d 133 (2006).

When the defendants' liability has been established by virtue of a default, the plaintiff's burden at a hearing

---

[8] Because we have already determined that the allegations set forth in the count of the complaint alleging statutory theft are insufficient as a matter of law; see part I C; we need not address the plaintiff's claim as it relates to statutory theft.

in damages is limited to proving the amount of damages. See *Murray* v. *Taylor*, 65 Conn. App. 300, 335, 782 A.2d 702, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001). With respect to fraud, damages may be proved by a preponderance of the evidence. *Dockter* v. *Slowik*, 91 Conn. App. 448, 453–54, 881 A.2d 479 ("although the elements of fraud must be proved by clear and convincing evidence, damages may be proved by the preponderance of the evidence"), cert. denied, 276 Conn. 919, 888 A.2d 87 (2005). Similarly, with respect to CUTPA, "[c]lear and convincing proof is not the appropriate standard of proof whenever claims of tortious conduct . . . require the proof of willful, wrongful or unlawful acts." *Nielsen* v. *Wisniewski*, 32 Conn. App. 133, 137, 628 A.2d 25 (1993). Thus, the ordinary preponderance of the evidence standard is appropriate. See id., 137–38.

Here, the court found at the hearing in damages that there was insufficient evidence by "clear and convincing evidence" to demonstrate fraud.[9] Because we find that the allegations in the plaintiff's complaint were sufficient to establish liability for the purpose of awarding punitive damages for fraud and a violation of CUTPA, the plaintiff need prove her damages only by a preponderance of the evidence. Accordingly, we conclude that the court improperly applied an incorrect standard in evaluating these claims for damages.

The judgment is reversed in part and the case is remanded with direction to render judgment in favor

---

[9] At the hearing, the court stated, "[W]here do I have any evidence or information where I could find an intentional tort, which would give rise to either punitive damages or by clear and convincing evidence shows fraud?" Thus, although the court's oral decision did not specifically address the standard of proof for an award of punitive damages on the CUTPA claim, the element of reckless indifference to the plaintiff's rights or intentional and wanton violation of those rights is a prerequisite for an award of punitive damages on both the fraud and CUTPA claims, and it appears that the court applied a heightened clear and convincing standard in declining to award damages on the basis of the plaintiff's failure to prove this element.

of the plaintiff as to liability against Anderson on the first count of the plaintiff's complaint and to render judgment against him jointly with the defendant Douglas Taylor in the amount of $113,832.06 on that count; and to render judgment in favor of the plaintiff as to liability against the defendants on the third and seventh counts of the plaintiff's complaint and thereafter to hold a hearing in damages as to those two counts, restricting its inquiry to the amount of damages that the plaintiff may recover. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.