SACS GLOBAL TRUST & MORT-
GAGE, LLC, f/k/a Greenwich Global
Trust & Mortgage, Inc., Plaintiff,

v.

Matthew J. THOMAS, Thomas Capital
Mortgage, LLC, and MJT Asset
Protection Trust I, Defendants.

No. 3:06cv1228 (JBA).

United States District Court,
D. Connecticut.

March 21, 2007.

Robert Albert Byers, Thomaston, CT, for Plaintiff.

## RULING ON PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
### [DOC. # 10]

ARTERTON, District Judge.

Plaintiff SACS Global Trust & Mortgage, LLC (formerly known as Greenwich Global Trust & Mortgage, Inc.) ("SACS") filed this action against defendants Matthew J. Thomas ("Thomas"), Thomas Capital Mortgage, LLC, and MJT Asset Protection Trust I, asserting fraud and breach of contract arising out of an allegedly fraudulent scheme by which defendant Thomas, in concert with other principals of the Daedalus Capital Relative Value Fund I, LLC (the "Fund"), "concealed and did attempt to conceal through the use of Promissory Notes (Notes) payable to SACS, and through derivative agreements, the transfer and/or investment losses of $696,000.30 in the Fund." Compl. [Doc. # 1] ¶ 1. Defendants Matthew J. Thomas and Thomas Capital Mortgage, LLC having been served on October 5, 2006 but having failed to file an appearance or to answer or otherwise respond to the Complaint, on February 9, 2007, plaintiff moved pursuant to Fed.R.Civ.P. 55(a) for default entry, which default was entered on February 13, 2007, *see* [Doc. # 9]. Now before the Court is plaintiff's Motion for Entry of Judgment as to Matthew J. Thomas and Thomas Capital Mortgage, LLC [Doc. # 10], to which Motion defendants have not responded. For the reasons that follow, the Motion will be granted in part and denied in part.

## I. Factual Background

■ Because default has entered against defendants Thomas and Thomas Capital Mortgage, LLC, the Court accepts as true all of the factual allegations of the Complaint, except those relating to damages. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981).

The factual allegations of the Complaint show, *inter alia*, that defendant Matthew J. Thomas and other principals of the Fund, upon learning in August 2004 that Dresdner Kleinwort Wassertein Securities, LLC had placed a hold on an investment account with at least $696,000 of investments belonging to investors in the Fund, "would and did solicit and would and did obtain additional monies, as investments, from several individuals, by false and fraudulent representations to conceal those losses." Compl. ¶¶ 20–21. Thus, on May 30, 2004, Matthew J. Thomas "entered into an individual loan agreement (the 'Original Note') with SACS and obtained thereby an immediate loan for and on behalf of the Fund. Thomas ... arranged for the Fund to invest 230,000.00 in SACS so the loan could be funded. As a result, SACS now owed the Fund $230,000, and Thomas owed SACS $230,000. SACS was to service the loan for and on behalf of the Fund." *Id.* ¶¶ 22–23. "The Original Note provided for no principal or interest payments at the outset, but for interest to accrue at a rate of 10.47% per annum beginning on December 15, 2004, and on the fifteenth day of each successive month, defendant Thomas was obligated to pay $25,408.10. The Original Note had a maturity date of the earliest to occur of (1) September 15, 2005, (b) SACS' demand or (c) the date of acceleration." Compl. ¶ 24.

Thomas thereafter "made arrangements to increase the amount of the Note by more than $465,000.00 to $696,000.30." *Id.* ¶ 25. Specifically, on November 1, 2004, the Original Note was replaced when SACS, Thomas, and Joseph Healey as guarantor, "entered into a new demand promissory note and obtained thereby an immediate loan of $696,000.30, part of which was used to retire the original Note." *Id.* ¶ 26. Thomas "arranged for the Fund to invest an additional $465,000.30 in SACS so the loan could be funded. As a result, SACS now owed the Fund $696,000.30 and Thomas owed SACS $696,000.30." *Id.* ¶ 27. "The Replacement Note included a repayment schedule providing for interest to accrue at a rate of 10.47% per annum beginning on December 15, 2004. Commencing on December 5, 2004, and on the 15th day of each of the next nine (9) successive months, Thomas was obligated to pay $76,776.68. The Replacement Note had a maturity date of the earliest of September 15, 2005, SACS' demand or the date of acceleration." *Id.* ¶ 28; *see also* Replacement Note [Doc. #10-2, Ex A]. SACS subsequently "learned Healey never executed, nor authorized, the Replacement Note, Guarantee, or Pledge Agreement." Compl. ¶¶ 30–31.

"On December 15, 2004, when the first payment on the Replacement Note became due, Thomas failed to make the required payment [and] said failure constituted a default on the Agreement by Thomas." *Id.* ¶ 33. "SACS has made subsequent demands for Thomas to pay the amounts due and owing under the Replacement Note [and] Thomas has failed to do so." *Id.* ¶ 34. Accordingly, plaintiff alleges fraud and breach of contract resulting in damages in the amount of $696,000.30, plus costs.

## II. Discussion

### A. Fraud (Count 1)

■ "The four essential elements of fraud are (1) that a false representation of

fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce action by the other party; and (4) that the other party did so act to her detriment." *Whitaker v. Taylor,* 99 Conn. App. 719, 916 A.2d 834, 842 (2007). "Because specific acts must be pleaded, the mere allegation that a fraud has been perpetrated is insufficient." *Id.* Here, the allegations of the Complaint satisfy these elements: they provide that Matthew J. Thomas "knowingly made fraudulent representations and omissions of material fact with respect to the Original Note, Replacement Note, and the Fund[']s true financial condition and operating condition, by inter alia issuing false and misleading statements and reports regarding the Fund'[s] existence and financial condition" (Compl.¶ 38), that "Defendants made such representations and omissions of material fact with the actual intent of that [sic] the plaintiff would rely upon them" (*id.* ¶ 39), and that SACS "reasonably relied upon such representations and omissions of material fact to its detriment" (*id.* ¶ 40). However, because the Complaint only alleges knowing fraudulent representations and omissions of material fact made by defendant Matthew J. Thomas, judgment shall enter in favor of plaintiff on Count 1 only against defendant Thomas, but not the other defendants.

### B. Breach of Contract (Count 2)

 The elements of a breach of contract claim are: (1) the formation of an agreement, (2) performance by one party, (3) breach of the agreement by the other party, and (4) damages. *Bouchard v. Sundberg,* 80 Conn.App. 180, 834 A.2d 744, 751 (2003). Here, the allegations of the Complaint demonstrate breach of contract by defendant Matthew J. Thomas only by alleging, inter alia, formation of an agreement in the form of the Replacement Note, performance by SACS of its obligations under that agreement, breach of the agreement by Thomas by failing to repay any portion of the loan amount despite demand, and damages (in the form of the entire principal amount plus accrued interest) suffered by plaintiff. Accordingly, judgment shall enter in favor of plaintiff on Count 2 against defendant Matthew J. Thomas.

### C. Damages

 Although on a default judgment motion a complaint's damages allegations are not accepted as true, the underlying circumstances of this dispute and the Replacement Note make evident the loss sustained by plaintiff as a result of the wrongs established by the Complaint's allegations, namely fraud and breach of contract. Specifically, it is clear that but for the fraudulent misrepresentations and omissions made by Thomas to SACS, SACS would not have loaned Thomas the $695,000.30,[1] and, likewise, that as a result of Thomas' breach of the Replacement Note, SACS suffered damages in the amount of the principal loan amount of $695,000.30. Accordingly, judgment shall enter in favor of plaintiff against defendant Matthew J. Thomas in the amount of $695,000.30 plus $350 in costs for the fee for filing this action, for a total of $695,350.30.

### III. Conclusion

For the foregoing reasons, plaintiff's Motion for Entry of Judgment [Doc. # 10] is GRANTED in part as to defendant Matthew J. Thomas and DENIED in part as

---

1. While the Complaint states that the amount of the Replacement Note was $696,000.30, the 11/1/04 Demand Promissory Note attached as Exhibit A to plaintiff's Memorandum of Law [Doc. # 10–2] lists the loan amount as $695,000.30.

to defendant Thomas Capital Mortgage, LLC and judgment shall enter in favor of plaintiff on both against as against defendant Matthew J. Thomas in the amount of $695,350.30. The Clerk is directed to CLOSE this case.[2]

IT IS SO ORDERED.

---

2. Plaintiff may move within 30 days to reopen this case and restore it to the active docket upon a showing of any need or basis to continue this action as against defendant Thomas Capital Mortgage, LLC and/or defendant MJT Asset Protection Trust I.