ROLLAR CONSTRUCTION AND DEMOLITION, INC. *v.* GRANITE ROCK ASSOCIATES, LLC, ET AL. (AC 25705)

Bishop, DiPentima and Foti, Js.

Argued October 27, 2005—officially released March 7, 2006

*Genevieve P. Salvatore*, for the appellant (plaintiff).

*Paul R. Kraus*, for the appellee (named defendant).

*Gerald L. Garlick*, for the appellees (defendant Mary Gretchyn et al.).

*Opinion*

DiPENTIMA, J. This appeal arises from a battle of priority rights, in which the dispositive issue is whether the plaintiff, Rollar Construction & Demolition, Inc., properly recorded its mechanic's lien as required to foreclose the lien against certain real property owned by the defendant Granite Rock Associates, LLC (Granite

Rock).[1] The plaintiff appeals from the judgment of the trial court, rendered after a trial to the court, in which the court found the plaintiff's mechanic's lien invalid. On appeal, the plaintiff claims that the court (1) improperly applied General Statutes §§ 49-33 and 49-34, and (2) used improper standards of proof.[2] We disagree and, accordingly, affirm the judgment of the trial court.

The court found the following relevant facts. Granite Rock, a Connecticut limited liability company, was created for the purpose of operating a company that bottled spring water at 124 High Street in Haddam. On August 17, 1999, the company obtained title to that property in its "as is" condition. Soon after, Granite Rock sought a loan and, through an attorney, one of the owners agreed to pay to the order of defendants Walter Gretchyn and his mother, Mary Gretchyn, the amount of $300,000 by commercial term promissory note, dated February 7, 2000. The note was secured by a mortgage deed on the property.[3]

The mechanic's lien at issue in this case is based on work performed pursuant to a contract dated January

---

[1] Mary Gretchyn and Walter Gretchyn, also defendants in this appeal, filed a separate brief and reply brief. Joseph Amadure and Alvin Cruz, defendants at trial, are not parties to this appeal.

[2] Additionally, the plaintiff claims that the court improperly found that Mario Tiberi, one of Granite Rock's owners, had actual and apparent authority to act on behalf of the company with respect to the Gretchyn mortgage. Because that argument pertains to the validity of the mortgage; see footnote 3; we do not address that claim.

[3] The case of *Gretchyn* v. *Granite Rock Associates, LLC*, Superior Court, judicial district of Middlesex, Docket No. 96950 (December 4, 2001), tried together with the case now on appeal, called into question the validity of the Gretchyn mortgage. Because the court found that the plaintiff's mechanic's lien was invalid, the court stated that "the validity of the Gretchyn note and mortgage are immaterial in the context of this action." Notwithstanding that conclusion, the court found that the note and mortgage indeed were valid "in the event that that issue is deemed to be material at any future stage of these proceedings." Because we affirm the court's judgment as to the invalidity of the mechanic's lien, we do not reach the issue of the Gretchyn note and mortgage.

5, 1998, between the plaintiff, a construction company, and Granite Rock. During the entire period of the contract, the plaintiff received no payment from Granite Rock for any of the work completed. On February 14, 2002, the plaintiff recorded the certificate of mechanic's lien for the entire balance of $265,316.27 on the Haddam land records. The certificate stated that the plaintiff ceased furnishing services and materials on January 9, 2002.

The plaintiff subsequently filed the present action seeking to foreclose its mechanic's lien and claiming, pursuant to § 49-33,[4] that its lien was prior in right to both the Gretchyns' mortgage and a mortgage to Victory State Bank.[5] The court heard four days of testimony and rendered judgment in favor of the defendants, finding, inter alia, that the plaintiff had not complied with the requirements for the proper recording of a mechanic's lien, as set forth in § 49-34.[6] This appeal followed.

[4] General Statutes § 49-33, entitled "Mechanic's lien. Precedence. Rights of subcontractors," provides in relevant part: "(a) If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected or has been moved, or by consent of the owner of the lot being improved or by consent of the owner of the plot of land being improved or subdivided, or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim.

"(b) The claim is a lien on the land, building and appurtenances or lot . . . and *the claim takes precedence over any other encumbrance originating after the commencement of the services, or the furnishing of any such materials* . . . ." (Emphasis added.)

[5] Joseph Amadure and Alvin Cruz were substituted as party defendants in lieu of Victory State Bank. See footnote 1.

[6] General Statutes § 49-34, entitled "Certificate of lien to be recorded and notice given to owner," provides: "A mechanic's lien is not valid unless the person performing the services or furnishing the materials (1) within ninety

We begin by noting that "in Connecticut, the mechanic's lien is a creature of statute and gives a right of action which did not exist at common law. . . . The purpose of the mechanic's lien is to give one who furnishes materials or services the security of the building and land for the payment of his claim by making such claim a lien thereon . . . . Moreover, [t]he guidelines for interpreting mechanic's lien legislation are . . . well established. Although the mechanic's lien statute creates a statutory right in derogation of the common law . . . its provisions should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials. . . . Our interpretation, however, may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction." (Citations omitted; internal quotation marks omitted.) *F. B. Mattson Co.* v. *Tarte*, 247 Conn. 234, 237–38, 719 A.2d 1158 (1998).

## I

The plaintiff first argues that the court's findings of fact regarding the ninety day requirement for filing a valid mechanic's lien were clearly erroneous. We disagree.[7]

---

days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) subscribed and sworn to by the claimant, and (2) not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35."

[7] General Statutes § 49-34 includes five requirements for filing a valid mechanic's lien. If any of those requirements are not met, the lien is invalid. Because the court found the plaintiff did not comply with two of the requirements of the statute, it is only necessary for us to agree with the court on one of the grounds in order to affirm the invalidity of the mechanic's lien.

Before addressing the merits of the plaintiff's first argument, we note the applicable standard of review. "On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. That is the standard and scope of this court's judicial review of decisions of the trial court. Beyond that, we will not go." (Citation omitted.) *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *United Components, Inc.* v. *Wdowiak*, 239 Conn. 259, 263, 684 A.2d 693 (1996).

The court found that the plaintiff's mechanic's lien was filed more than ninety days after work had ceased on the property and that therefore the lien was invalid. General Statutes § 49-34 provides in relevant part: "A mechanic's lien is not valid unless the person performing the services or furnishing the materials . . . within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing . . . ." Applying the deferential standard of review, we conclude that the court's finding that the mechanic's

lien had not been filed within the statutory ninety day period was not clearly erroneous.

The plaintiff relies on documentary evidence and testimony to assert that the court's finding is improper. The record discloses that, as the court found, the plaintiff filed the certificate of lien on February 14, 2002. The certificate lists January 9, 2002, as the date of completion of services rendered, materials furnished and repairs done on the property, which is clearly within ninety days of the date of filing. As evidence of the date of completion, the plaintiff submitted numerous invoices and receipts spanning the years 1998 to 2002. The photocopies of receipts, statements and invoices from various building supply companies and related services are dated from 1998 to 2000. The plaintiff's own invoices documenting work done for Granite Rock, on the other hand, extend until January 20, 2002. Robin Lewis French, the plaintiff's president, signed the certificate, but was unable to testify as to its specifics.[8] Her

---

[8] During cross-examination by counsel for the Gretchyns, French testified as follows:

"Q. Good morning, Ms. French. You're also the president and one of the owners of [the plaintiff], correct?

"A. Yes.

"Q. And you're the person who signed the mechanic's lien that [the plaintiff] is claiming in one of these cases?

"A. Yes. . . .

"Q. You've never visited the property at 125 High Street in Haddam?

"A. No.

"Q. You don't know anything about the property?

"A. No.

"Q. You're not even sure if Granite Rock owns that property, are you?

"A. No.

"Q. And I believe you said your father is Walter Lewis, is that right?

"A. Yes. . . .

"Q. When you signed the mechanic's lien on behalf of [the plaintiff], you never saw any invoices or documents indicating how much was owed, did you?

"A. No.

"Q. You just signed that, based on what your father told you?

"A. Yes.

"Q. And your father also told you the time period during which the work had been done, is that right?

father, Walter Lewis, however, testified as to the accuracy of the invoices and the date of completion.[9] In its memorandum of decision, the court stated that "Walter Lewis offered no documentation which specified the dates on which work was done on the property. Instead, he offered a series of invoices to 'Granite Rock Associates' with no address specified. Those invoices had never actually been sent to Granite Rock. Therefore, in this case, unlike most cases in which a mechanic's lienor seeks to establish dates on which it rendered services, the invoices are questionable evidence of anything. Three invoices from 1998 are typed. The rest of the invoices are handwritten. Mr. Lewis also introduced a series of receipts . . . . Most of the receipts have no reference whatsoever to the property or Granite Rock. There are no receipts dated beyond the year 2000."

The court thus found that Lewis' testimony and the invoices that extended into 2002 were not credible. We are not in a position to question the court's credibility finding. "The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony. . . . The trier is free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) *Boccanfuso* v. *Conner*, 89 Conn. App. 260, 292, 873 A.2d 208, cert. denied, 275 Conn. 905, 882 A.2d 668 (2005). Here, the court weighed all the evidence before it in concluding that the plaintiff had not filed its certifi-

"A. Yes.

"Q. You had no independent knowledge of any of that, did you?

"A. No."

[9] As to Lewis, the court found that he was one of the individuals who created the defendant Granite Rock and that he also controlled the plaintiff. Those findings are not challenged.

cate of lien within ninety days from the completion of services. The plaintiff's claim therefore fails.[10]

## II

The plaintiff also argues that the court failed to apply the requisite burden of proof in determining the validity of the plaintiff's mechanic's lien. The plaintiff maintains that it proved the validity of the lien by a preponderance of the evidence, but the court applied a higher standard than that required.[11] We disagree.

We first set forth the appropriate standard of review. "When a party contests the burden of proof applied by the court, the standard of review is de novo because the matter is a question of law." *Atlantic National Trust, LLC* v. *Van Eck*, 89 Conn. App. 200, 208–209, 873 A.2d 179 (2005). General Statutes § 49-33 (i) provides: "Any mechanic's lien may be foreclosed in the same manner as a mortgage." The plaintiff is correct, therefore, that it has the burden of proving the foreclosure of its mechanic's lien by a preponderance of the evidence. See *Franklin Credit Management Corp.* v. *Nicholas*, 73 Conn. App. 830, 838, 812 A.2d 51 (2002), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003).

Here, the court did not state the standard of proof used in its findings. There is nothing in the record to

---

[10] We note that Granite Rock took no position on whether the plaintiff's mechanic's lien was valid and, in fact, joined with the plaintiff in attacking the validity of the Gretchyns' mortgage. The court explicitly found collusion between the plaintiff and Granite Rock: "The mechanic's lien statutes were not meant to serve as a vehicle through which the property owner and lienor can collude to defeat a bona fide mortgage. [The plaintiff] and Granite Rock are attempting to use those statutes for precisely that purpose in this case."

[11] The plaintiff further argues that the court improperly failed to require the Gretchyns to provide clear and convincing evidence that the plaintiff's mechanic's lien was invalid under General Statutes § 49-35b. Reliance on that statute is misplaced because it expressly applies to hearings for the discharge or reduction of mechanic's liens under General Statutes § 49-35a.

demonstrate that the court held the plaintiff to a higher standard. See *Citino* v. *Redevelopment Agency*, 51 Conn. App. 262, 270, 721 A.2d 1197 (1998) ("[w]here a court's memorandum of decision is silent as to the standard of proof used, it will be assumed [in a civil matter] that the one ordinarily applied in most civil cases, that of a fair preponderance of the evidence, was used" [internal quotation marks omitted]). Furthermore, the plaintiff did not request articulation of the issue. As the appellant, it was the plaintiff's responsibility to present a record adequate for appellate review of its claim of error. In the absence of an adequate record, we presume that the trial court, in rendering its judgment undertook the proper analysis of the law and the facts. See *S & S Tobacco & Candy Co.* v. *Greater New York Mutual Ins. Co.*, 224 Conn. 313, 321–22, 617 A.2d 1388 (1992).

The judgment is affirmed.

In this opinion the other judges concurred.