AMERICAN EXPRESS CENTURION BANK *v.*
WILLIAM HEAD
(AC 29926)

Lavine, Beach and Stoughton, Js.

Argued January 13—officially released June 9, 2009

*William Head*, pro se, the appellant (defendant).

*William L. Marohn*, with whom, on the brief, was *Joseph M. Tobin*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. The defendant, William Head, appeals from the judgment rendered by the trial court in favor

of the plaintiff, American Express Centurion Bank, following the granting of the plaintiff's summary judgment motion. The defendant argues that the plaintiff failed to prove the absence of a genuine issue of material fact as to the amount the defendant allegedly owed to the plaintiff.[1] We agree with the defendant and consequently reverse the judgment of the trial court.

The following facts and procedural history are relevant for our consideration of the defendant's claim. The plaintiff served a two count complaint on the defendant. In the first count, the plaintiff alleged that it had entered into a credit card agreement with the defendant, that the payments on the account were delinquent and that the defendant owed the plaintiff $3824.97 plus interest and costs. The second count was based on unjust enrichment. The defendant filed an answer on December 4, 2006, denying all allegations and asserting special defenses. On December 27, 2006, the defendant filed a motion asking the court to order the plaintiff to produce written evidence to validate the defendant's alleged indebtedness to the plaintiff, which the court, *Radcliffe, J.*, denied.

---

[1] The defendant, who is a pro se litigant, primarily argues on appeal, as he did before the trial court, that the plaintiff failed to "validate" the alleged debt by submitting original contracts and original receipts pursuant to various state and federal statutes. The defendant did not adequately brief his arguments regarding the statutory provisions, and we therefore decline to review them. The defendant, however, also argues that the court's "decision to grant [the] plaintiff summary judgment was rendered with said insufficient evidence with respect to the alleged debts." "Whenever [the] language [of the pleadings] fails to define clearly the issues in dispute, the court will put upon it such reasonable construction as will give effect to the pleadings in conformity with the general theory which it was intended to follow, and do substantial justice between the parties. . . . [I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party." (Internal quotation marks omitted.) *Vanguard Engineering, Inc.* v. *Anderson*, 83 Conn. App. 62, 65, 848 A.2d 545 (2004). Because the defendant essentially is addressing the sufficiency of proof at the summary judgment stage, we construe his argument on appeal accordingly.

On October 1, 2007, the plaintiff filed a motion for summary judgment. In support of its motion, the plaintiff filed a memorandum of law, affidavits from its authorized agent and attorney, credit card terms and conditions and account documents. The plaintiff's affidavits attested in relevant part that the interest in the present matter was $791.16, that the attached documents were accurate copies of the plaintiff's records and that there was no evidence that the defendant had disputed any of the charges shown on the account statements in a timely fashion.

The account documents provided by the plaintiff consisted of photocopies of some monthly account statements it mailed to the defendant and fifty-two receipts. The closing dates shown on the account statements start on January 27, 2002, and end on April 27, 2004. The balance indicated on the earliest submitted account statement, with the closing date of January 27, 2002, is $8040.38, and the statement does not include a list of specific transactions or charges. The latest account statement, dated April 27, 2004, shows a balance of $3824.97, which is the amount alleged in the plaintiff's complaint. The remaining account statements submitted by the plaintiff cover the periods between May 27 and December 28, 2002, and between January 28 and April 27, 2004, and include itemized transactions.

In addition to the account statements, the plaintiff submitted fifty-two copies of receipts documenting the defendant's transactions between February 6 and March 27, 2002. Of the fifty-two copies, twenty-three are devoid of information such as an account number, a date or an amount charged, or the service establishment and location and merely state: "The detailed information for the transaction described above could not be processed through our billing system. Please refer to your receipt provided at the time of purchase." The remaining receipt copies bear the defendant's account

number, date and record of charge and the amount charged. The charges on the receipts that contain the amounts add up to a total of $860.77.

On February 14, 2008, the defendant filed an objection to the plaintiff's motion for summary judgment, seeking "debt validation" and proof of a valid and enforceable contract, specific as to amounts owing and due. On April 7, 2008, the parties appeared before the court, *Hiller, J.* The court directed the defendant to read the relevant sections of the rules of practice and to submit appropriate documents in opposition to the plaintiff's motion for summary judgment.

On April 23, 2008, the defendant filed a motion for a nonsuit, to which he attached a notarized affidavit. The affidavit and the motion for a nonsuit contain the same information. The defendant asked for a dismissal of the case and stated that he believed that the claimed charges were not his and that even if they were his, the charges and the associated interest alleged by the plaintiff as due were far greater than any amount that the defendant believed he had actually incurred. The defendant repeated his allegation that the plaintiff had failed to provide a validation of debt as required under federal and state laws and asserted that without such validation, a genuine issue of material fact existed as to the amount he owed. The defendant further pointed out that the documents provided by the plaintiff contain a small number of monthly statements with annual interest rates in excess of 20 percent, that thirty-two of the fifty-two submitted receipts are blank and that the total charges on the receipts that show charges total $860.77.

On April 28, 2008, at the hearing on the plaintiff's motion, Judge Hiller stated that he intended to rule against the defendant because the defendant failed to file the appropriate papers required to oppose a motion

for summary judgment. The court noted that the plaintiff submitted an affidavit, that the documents attached to the plaintiff's motion for summary judgment pertained to the defendant's account and that they added up to the amount that the plaintiff said was owed by the defendant. The court further indicated that if the defendant had stated in an affidavit that he did not owe the alleged amount, there would have been an issue of fact and the court would have given the defendant a trial right away. When the defendant directed the court's attention to the affidavit he had filed in support of his motion for a nonsuit, the court stated: "This is a motion for a nonsuit. It has nothing to do with a motion for summary judgment." The court, however, proceeded to review the defendant's affidavit and concluded that the affidavit merely asserted that the plaintiff's claims violated federal and state laws. The court further told the defendant that he should have disputed specific charges, to which the defendant replied that he could not do so because the plaintiff had not presented all the charges.

Also on April 28, 2008, the court ordered summary judgment in the plaintiff's favor in the amount of $4616.13, or the principal amount of $3824.97 plus interest in the amount of $791.16. In a memorandum of decision filed on July 23, 2008, the court stated that the plaintiff filed documentation sufficient to support its motion for summary judgment and that the defendant failed to file any opposing affidavit or evidence sufficient to demonstrate that an issue of material fact existed. The defendant filed the present appeal on May 16, 2008.

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all

the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . *When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Allstate Ins. Co.* v. *Barron*, 269 Conn. 394, 405, 848 A.2d 1165 (2004).

"Our review of the trial court's decision to grant the . . . motion for summary judgment is plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Little* v. *Yale University*, 92 Conn. App. 232, 234, 884 A.2d 427 (2005), cert. denied, 276 Conn. 936, 891 A.2d 1 (2006).

We conclude that the court improperly concluded that the plaintiff satisfied its burden of proving the absence of any genuine issue of material fact as to the amount allegedly owed by the defendant. We therefore do not reach the issue of whether the defendant failed to raise a genuine issue of material fact in opposing the plaintiff's motion. See *Allstate Ins. Co.* v. *Barron*, supra, 269 Conn. 405.

The plaintiff's complaint sounds in two counts, breach of contract and unjust enrichment. "The elements of a breach of contract action are the formation

of an agreement, performance by one party, breach of the agreement by the other party and damages." (Internal quotation marks omitted.) *Whitaker* v. *Taylor*, 99 Conn. App. 719, 728, 916 A.2d 834 (2007). "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) *Vertex, Inc.* v. *Waterbury*, 278 Conn. 557, 573, 898 A.2d 178 (2006).

In the present case, the defendant disputed the amount of debt alleged in the plaintiff's complaint, namely, $3824.97, when he denied all of the plaintiff's allegations in his answer to the complaint. The amount of debt allegedly incurred by the defendant was therefore a disputed material issue. We disagree with the court's finding that the documents attached to the plaintiff's motion for summary judgment "added up" to the amount the plaintiff claimed it was owed by the defendant. The earliest account statement submitted by the plaintiff, with a closing date of January 27, 2002, indicates that the defendant owed the plaintiff $8040.38. The plaintiff did not submit any evidence, such as a list of itemized transactions, showing that the plaintiff incurred charges in the amount of $8040.38 prior to January 27, 2002. The individualized receipts submitted by the plaintiff, twenty-three of which are essentially blank, also do not account for $8040.38 allegedly owed by the defendant as of January 27, 2002, because they are incomplete and they date from the period between February 6 through March 27, 2002. The receipts and the copies of monthly statements submitted by the plaintiff account only for some periods of the defendant's credit card billing history. In summary, we conclude that the plaintiff has failed to submit documentation supporting the total amount claimed to be due.

We conclude that because the defendant disputed in his pleadings the amount he allegedly owed to the plaintiff, the plaintiff had the burden to prove that there was no genuine issue as to the amount of debt alleged in its complaint. The plaintiff submitted the April, 2004 monthly statement, showing the amount it sought in its complaint, and various statements and receipts that provided the defendant's incomplete credit card history. We conclude that in this case, submitting a monthly account statement that indicates the alleged amount of debt, and an affidavit stating that the defendant never disputed his monthly billing statements and that the submitted documents, some of which are essentially blank, are accurate copies of the plaintiff's records, does not satisfy that burden.[2] We do not suggest

---

[2] We are aware that a number of our trial courts, faced with an action to recover damages for the breach of a credit card agreement, have granted a motion for summary judgment in favor of a creditor plaintiff where the plaintiff submitted records demonstrating an amount due and an affidavit stating that the plaintiff sent monthly statements to the defendant, that the defendant did not dispute the amounts due and that, therefore, the defendant essentially acquiesced to all past monthly statements being true records of the amount of debt owed. See, e.g., *Citibank* v. *Gemske*, Superior Court, judicial district of Middlesex, Docket No. CV-05-4002020-S (December 21, 2005) (40 Conn. L. Rptr. 489); *Citibank (South Dakota) N.A.* v. *Stewart*, Superior Court, judicial district of New Haven, Docket No. CV-05-4012384-S (November 30, 2005) (40 Conn. L. Rptr. 337). These cases rely on the "account stated" theory of recovery as articulated by our Supreme Court in *General Petroleum Products, Inc.* v. *Merchants Trust Co.*, 115 Conn. 50, 160 A. 296 (1932), and *Dunnett* v. *Thornton*, 73 Conn. 1, 46 A. 158 (1900), and seem to conclude that the plaintiff is entitled to summary judgment on the basis of evidence that the defendant received monthly statements and failed to dispute their content.

We neither endorse nor disavow the approach taken by our trial courts because the plaintiff in the present case did not rely on the account stated theory in its complaint. See *Citibank (South Dakota), N.A.* v. *Manger*, 105 Conn. App. 764, 765, 939 A.2d 629 (2008) (plaintiff commenced lawsuit sounding in account stated). The court's memorandum of decision does not mention the account stated theory although the plaintiff's affidavit in support of its summary judgment motion and the accompanying memorandum relied on it. Additionally, neither party raises the issue of account stated in its appellate brief. We therefore do not address the applicability of the account stated theory, as articulated by our Supreme Court in *General Petroleum*

that defendants who default on their credit card payments can defeat a summary judgment motion simply by denying that they have incurred those charges. We merely conclude that the plaintiff creditor needs to substantiate its claims with sufficient evidence at the summary judgment stage. Having failed to negate the existence of a genuine issue of material fact, the plaintiff did not meet its burden of establishing that as a matter of law, summary judgment should have been rendered in its favor. Accordingly, we reverse the judgment of the trial court.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

*Products, Inc.,* and *Dunnett,* to actions to recover damages for breach of a credit card agreement.