******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SCIENT FEDERAL CREDIT UNION *v.*
MARK RABON
(AC 43915)

Bright, C. J., and Elgo and Suarez, Js.

*Syllabus*

The plaintiff sought to recover damages resulting from the defendant's alleged breach of a credit card agreement. In its complaint, the plaintiff alleged that the defendant applied for and received a credit card by virtue of a credit card agreement, and the defendant defaulted under the terms of that agreement by failing to make the payments agreed to therein. The defendant filed a motion to dismiss on the ground that the trial court lacked personal jurisdiction over him due to insufficient service of process, which the court denied without issuing a memorandum of decision. Thereafter, the plaintiff filed a motion for summary judgment as to liability and damages. The plaintiff appended to the motion an affidavit from H, the director of collections for the plaintiff. H's affidavit stated that as a result of the defendant's credit card application submitted to the plaintiff, the defendant received two credit cards. Attached as exhibits to the affidavit were the defendant's credit card application, credit card disclosure statements, transaction listings for the two accounts, and the credit card agreement that allegedly established the defendant's liability to the plaintiff and the amount of the debt that the defendant owed, $46,812.08. The defendant opposed the motion for summary judgment, arguing that it differed from the complaint because the complaint referenced only one credit card and underlying agreement, while the motion for summary judgment referenced multiple credit cards with separate debts, along with documents that indicated the existence of separate agreements. The trial court granted the plaintiff's motion for summary judgment and rendered judgment thereon, from which the defendant appealed to this court. *Held*:

1. The trial court properly granted the plaintiff's motion for summary judgment, that court having properly concluded that the plaintiff met its burden to establish the absence of any genuine issue of material fact as to the factual basis for the defendant's liability to the plaintiff and the amount of damages owed: although the defendant argued that the complaint referenced only one credit card agreement and one credit card, the defendant admitted at oral argument before this court that he held two separate accounts with the plaintiff and that the two accounts arose from the same application and, therefore, he failed to establish that there was a genuine issue of material fact with respect to his liability on the two accounts; moreover, because H's affidavit asserted that the plaintiff was owed $46,812.08, which was also reflected in the attached transaction ledger for each account, and the defendant admitted at oral argument before this court that the total amount of the debt was $46,812.08, there was no genuine issue of material fact in dispute as to the amount of damages.

2. The trial court properly denied the defendant's motion to dismiss that alleged that the court lacked personal jurisdiction over him due to insufficient service of process: pursuant to the applicable rule of practice (§ 10-30 (b)), a claim of lack of personal jurisdiction as a result of an insufficiency of service of process is waived unless raised by a motion to dismiss filed within thirty days of the filing of an appearance; accordingly, because the defendant filed an appearance and failed to file a motion to dismiss within thirty days of filing his appearance, he waived any right to challenge the court's exercise of personal jurisdiction over him.

Argued January 6—officially released March 15, 2022

*Procedural History*

Action to recover damages for the breach of a credit card agreement, and for other relief, brought to the Superior Court in the judicial district of New London,

where the court, *Hon. James J. Devine*, judge trial referee, denied the defendant's motions to dismiss and to strike; thereafter, the court, *Hon. James J. Devine*, judge trial referee, granted the plaintiff's motion for summary judgment and rendered judgment thereon, from which the defendant appealed to this court. *Affirmed.*

*Mark E. Rabon*, self-represented, the appellant (defendant).

*Kyle R. Barrett*, for the appellee (plaintiff).

*Opinion*

SUAREZ, J. In this action seeking to recover credit card debt, the self-represented defendant, Mark Rabon, appeals from the judgment rendered by the trial court in favor of the plaintiff, Scient Federal Credit Union, following the granting of the plaintiff's motion for summary judgment. The defendant claims that the trial court improperly (1) granted the plaintiff's motion for summary judgment and (2) denied the defendant's motion to dismiss. We affirm the judgment of the trial court.

The following facts and procedural history are relevant for our resolution of the defendant's claims. The plaintiff initiated this action by a single count complaint, which was dated July 13, 2017. In the complaint, the plaintiff alleged that "[b]y virtue of a Visa credit card agreement, the defendant applied for and received a credit card." The plaintiff further alleged that "[t]he defendant defaulted under the terms of the credit card agreement by failing to make the payments agreed to therein." Finally, the plaintiff alleged that "the defendant has failed and refused to satisfy the debt owed to the plaintiff" and that, "[a]s a result of the defendant's conduct, the plaintiff has been damaged."

Following the commencement of the present case, the defendant filed a motion to dismiss and a supporting memorandum of law on March 8, 2018. The defendant moved to dismiss this action on the ground that the court lacked personal jurisdiction over him due to insufficient service of process.[1] The plaintiff filed an objection to the motion to dismiss on April 18, 2018. The court, *Hon. James J. Devine*, judge trial referee, denied the motion to dismiss on May 1, 2018, and sustained the plaintiff's objection to the motion on the same day without issuing a memorandum of decision.

On September 27, 2018, the defendant filed a motion to strike, to which the plaintiff objected. In his motion to strike, the defendant alleged that "[t]he complaint [did] not properly plead facts with enough specificity" and that "[t]he complaint [alleged] conclusions that [were] unsupported by the facts alleged." The court, *Hon. James J. Devine*, judge trial referee, sustained the plaintiff's objection to the motion on February 4, 2019, and the motion was denied on February 6, 2019.

On May 30, 2019, the plaintiff filed a motion for summary judgment claiming that no genuine issues of material fact existed and that it was entitled to judgment as a matter of law as to both liability and damages. In support of its motion for summary judgment, the plaintiff submitted the affidavit of Irvine Hagewood, the director of collections for the plaintiff. The affidavit stated that the defendant submitted a "Loanliner Visa credit card application" to the plaintiff and, as a result of that application, the defendant received two credit

cards. The plaintiff extended the credit accounts to the defendant on or about April 4, 2013. The defendant thereafter defaulted on the accounts by failing to pay the amounts that were due under the agreement. The affidavit further stated that the defendant was indebted to the plaintiff in the total amount of $46,812.08.[2] The affidavit provided that the defendant had failed to pay the plaintiff the balance due, which constituted the outstanding balances under both accounts. The plaintiff attached to its affidavit several exhibits, including the defendant's application, credit card disclosure statements, transaction listings for the two accounts, and the credit card agreement.

In its memorandum of law in support of the motion for summary judgment, the plaintiff argued that, because "the defendant has raised no special defenses and the plaintiff's affidavit in support of summary judgment establishes the defendant's liability to the plaintiff and the amount of damages owed, summary judgment is proper as there are no genuine issues of material fact left in dispute and the plaintiff is entitled to judgment as a matter of law."

On November 12, 2019, the defendant filed his objection to the motion and a memorandum in opposition to the motion for summary judgment. In the memorandum, the defendant argued that genuine issues of material fact existed for several reasons. The defendant asserted that the plaintiff's complaint referenced only one credit card agreement that had been breached and indicated that the defendant had received only one credit card. Although not stated in the complaint, the plaintiff's memorandum of law in support of the motion for summary judgment asserted that the total amount of damages being sought reflected a combination of debts from two separate credit card accounts. The defendant also asserted in an affidavit, which was filed with his objection to the motion for summary judgment, that he received more than one credit card from the plaintiff. The defendant's memorandum further asserted that both the plaintiff's complaint and Hagewood's affidavit failed to identify which credit card agreement had been breached. The defendant argued that the motion for summary judgment and the complaint "stand in stark contradiction" because the complaint referenced only one credit card and underlying agreement, while the motion for summary judgment referenced multiple credit cards with separate debts, along with documents indicating the existence of separate agreements.[3]

Despite raising these arguments, the defendant admitted in his affidavit, and he does not dispute on appeal, that he held multiple credit card accounts with the plaintiff. In his memorandum in opposition to the motion for summary judgment, the defendant also admitted that he owed the total amount being sought of $46,812.08, and that this amount reflected the combined

balance of multiple credit cards.[4]

On November 12, 2019, the court, *Calmar, J.*, ordered the defendant to refile his memorandum because it contained personal identifying information. The memorandum was refiled with redactions but without substantive changes on November 21, 2019. Prior to the defendant's refiling of the memorandum, on November 15, 2019, the court, *Hon. James J. Devine*, judge trial referee, granted the plaintiff's motion for summary judgment. The defendant filed a motion to reargue on November 21, 2019, which the court denied on January 22, 2020. The defendant also filed a motion for articulation on November 21, 2019, which the court denied on January 22, 2020.

The defendant filed the present appeal on February 10, 2020. Subsequent to filing this appeal, the defendant moved for the court to issue a written decision pursuant to Practice Book § 64-1, and the court issued its memorandum of decision on February 25, 2020. In its memorandum of decision, the court stated that, because the "defendant has raised no special defenses and the plaintiff's affidavit in support of summary judgment establishes the defendant's liability to the plaintiff and the amount of damages owed, summary judgment is proper as there are no genuine issues of material fact left in dispute and the plaintiff is entitled to judgment as a matter of law." This appeal followed.

I

The defendant first claims that the trial court improperly granted the plaintiff's motion for summary judgment. Specifically, the defendant claims that he demonstrated that there were genuine issues of material fact in dispute and, therefore, the court should not have granted the plaintiff's motion. Because the record establishes that there was no genuine issue of material fact as to whether the defendant applied for and received two separate credit accounts from the plaintiff by virtue of a single application or as to the total amount of the debt that the defendant owed on the two accounts, we conclude that the court properly granted the plaintiff's motion for summary judgment.

We now set forth the legal principles and standard of review relevant to this claim. "The fundamental purpose of summary judgment is preventing unnecessary trials. . . . If a [party] is unable to present sufficient evidence in support of an essential element of his cause of action at trial, he cannot prevail as a matter of law. . . . To avert these types of ill-fated cases from advancing to trial, following adequate time for discovery, a [party] may properly be called upon at the summary judgment stage to demonstrate that he possesses sufficient counterevidence to raise a genuine issue of material fact as to any, or even all, of the essential elements of his cause of action. . . .

"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . .

"It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . . [T]ypically [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . Only if the . . . moving party has submitted no evidentiary proof to rebut the allegations in the complaint, or the proof submitted fails to call those allegations into question, may the [nonmoving party] rest upon factual allegations alone. . . .

"[I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record." (Internal quotation marks omitted.) *Carolina Casualty Ins. Co.* v. *Connecticut Solid Surface, LLC*, 207 Conn. App. 525, 532–33, 262 A.3d 885 (2021).

The plaintiff's complaint sounds in breach of contract. "The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." (Internal quotation marks omitted.) *American Express Centurion Bank* v. *Head*, 115 Conn. App. 10, 15–16, 971 A.2d 90 (2009).

We first conclude that there was no genuine issue of material fact in dispute as to whether the defendant was liable to the plaintiff for breaching his contract with respect to two separate credit accounts. As noted previously in this opinion, the plaintiff submitted with

its motion for summary judgment an affidavit prepared by Hagewood, which stated that the defendant became indebted to the plaintiff by virtue of a credit card application in which the defendant applied for two credit cards. Following the defendant's submission of the application, the plaintiff and the defendant entered into an agreement, and the plaintiff then extended the two credit accounts to the defendant. The defendant subsequently defaulted under the accounts and has failed to pay the balance due, which totals $46,812.08. On the basis of these facts, the plaintiff has established the defendant's liability as to the two credit accounts.

Moreover, the defendant did not allege any defense to liability or otherwise establish any genuine issue of material fact that would eliminate his obligation to satisfy the debt claimed by the plaintiff. Although the defendant argues that the complaint referenced only one credit card agreement and one credit card, the defendant admitted at oral argument that he did in fact hold two separate accounts with the plaintiff and that the two accounts arose from the same application. Despite the defendant's argument that the complaint only references the breach of a singular credit card agreement, it is clear that both of the defendant's accounts arose from that same application and agreement. We therefore conclude that the defendant has not raised a genuine issue of material fact with respect to his liability on the two credit accounts.

We also determine that there is no genuine issue of material fact in dispute as to the plaintiff's damages. Hagewood's affidavit asserts that the plaintiff is owed $46,812.08 related to the agreement. Specifically, the defendant owed the plaintiff $26,655.04 on one account and $20,157.04 on the other account, which totaled $46,812.08. The amounts of the debts were reflected on the true and accurate copies of the transaction ledger for each account. Before the trial court, the defendant never disputed the total amount of the debt. In fact, the defendant admitted at oral argument before this court that the total amount of the debt was $46,812.08. Accordingly, we conclude that there is no genuine issue of material fact in dispute as to the amount of damages. The court's conclusion that there was no genuine issue of material fact and that the plaintiff was entitled to summary judgment as a matter of law was therefore logically and legally correct.

## II

The defendant also claims that the trial court improperly denied his motion to dismiss. We disagree.

We begin by setting forth the legal principles and standard of review relevant to this claim. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that

should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Beecher* v. *Mohegan Tribe of Indians of Connecticut*, 282 Conn. 130, 134, 918 A.2d 880 (2007).

"A defect in process . . . implicates personal jurisdiction . . . . [W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Internal quotation marks omitted.) *Pedro* v. *Miller*, 281 Conn. 112, 117, 914 A.2d 524 (2007).

"[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. . . . Accordingly, jurisdiction over a person can be obtained by waiver." (Citation omitted; internal quotation marks omitted.) *Foster* v. *Smith*, 91 Conn. App. 528, 536, 881 A.2d 497 (2005). Practice Book § 10-30 (b), which governs motions to dismiss, provides that "[a]ny defendant, wishing to contest the court's jurisdiction, shall do so by filing a motion to dismiss *within thirty days of the filing of an appearance*." (Emphasis added.) As our Supreme Court has explained, § 10-30 (b) "specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days . . . . Thus, thirty-one days after the filing of an appearance . . . a party is deemed to have submitted to the jurisdiction of the court. Any claim of insufficiency of process is waived if not sooner raised." (Citation omitted; emphasis omitted; footnote omitted.) *Pitchell* v. *Hartford*, 247 Conn. 422, 433, 722 A.2d 797 (1999).

In the present case, the defendant filed a self-represented appearance on January 16, 2018. The defendant's motion to dismiss was not filed until March 8, 2018, which was fifty-one days after the defendant filed his appearance in the present matter. The defendant, therefore, has waived any potential defects in the court's personal jurisdiction over him. Considering the untimeliness of the defendant's motion to dismiss, it is unnecessary for this court to examine the merits of the defendant's argument with respect to any improper service of process. Because the defendant filed his motion to dismiss more than thirty days after he filed an appearance, the defendant had submitted to the jurisdiction of the court. The defendant's motion to dismiss was untimely and, therefore, we conclude that the court properly denied the motion.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant makes several arguments as to why the service of process was insufficient in the present case. Because we conclude that the court's denial of the defendant's motion to dismiss was proper on the basis of the untimeliness of the motion, it is unnecessary for us to address the merits of the defendant's claims with respect to improper service of process.

[2] Although not specified in the affidavit, the plaintiff's memorandum in support of the motion for summary judgment clarifies that the defendant owed $26,655.04 on one credit account and $20,157.04 on the other credit account, which totaled $46,812.08 in debt.

[3] In this regard, the defendant essentially argued before the trial court and argues before this court that the allegations in the complaint do not align with the relief requested in the plaintiff's motion for summary judgment. The defendant, however, did not file a request to revise to clarify the allegations in the complaint. Moreover, although the defendant focuses on the fact that the complaint references a single credit card, the uncontroverted evidence presented by the plaintiff in support of its motion for summary judgment reflects that it sought in its complaint to recover balances incurred by him by the use of two separate credit cards, which the defendant received after he filed a single application.

[4] During oral argument before this court, the defendant once again acknowledged that he did in fact hold two separate accounts at the plaintiff, which were created simultaneously following the plaintiff's approval of the defendant's single application. The defendant also acknowledged at oral argument that he owed $46,812.08 on the two accounts, which was the same amount that the plaintiff claimed in damages related to the accounts.

————————————————————